IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00443-MEH

DAVID WILKINS,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, SI,

      Defendant.

---

## ORDER
---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendant's Motion to Dismiss ("Motion"). ECF 12. The Motion is fully briefed, and the Court finds that oral argument will not materially assist in its adjudication. For the reasons that follow, the Motion is granted.

## BACKGROUND

      The following are factual allegations (as opposed to legal conclusions, bare assertions, or conclusory allegations) made by Plaintiff in his Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, the Court will consider the insurance policy at issue, attached to Defendant's Motion as Exhibit A ("Policy"), because it is mentioned in the Complaint, central to Plaintiff's claim, and its authenticity is not disputed. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

      Plaintiff alleges that on December 3, 2016 he was a passenger in a vehicle, driven by Cory Blatter and insured by Defendant, involved in an accident with another vehicle driven by Kristopher Butler. ECF 1 at ¶ 1. Mr. Butler's vehicle was insured by Progressive Insurance

("Progressive"). *Id.* Progressive paid its policy limits to a passenger in Mr. Butler's vehicle on February 21, 2018, along with Mr. Blatter and Plaintiff. *Id.*

On February 5, 2018, Plaintiff, though counsel, notified Defendant of an underinsured claim against Mr. Blatter's policy which included a demand for arbitration. *Id.* at ¶ 8; Ex. 1, ECF 1-3, at 1 ("Please treat this coverage demand also as a demand for arbitration . . .").[1] Defendant responded on February 13, 2018, indicating that a claim had been opened. ECF 1 at ¶ 9; Ex. 2, ECF 1-4, at 1. On October 24, 2020 and January 19, 2021, Plaintiff's counsel supplied Defendant with medical records and bills. ECF 1 at ¶ 10. Plaintiff also made a demand for policy limits. Ex. 4, ECF 1-6, at 1. Throughout the pendency of Plaintiff's claim, Defendant continuously requested medical documentation and never denied coverage or asserted any defense. ECF 1 at ¶ 11. Defendant continued to adjust Plaintiff's claim as late as November 3, 2020. *Id.* at ¶ 12. On November 12, 2021, Defendant informed Plaintiff's counsel that "it believed [Plaintiff] had been made whole by his settlement of the Progressive policy, and denied further coverage for [Plaintiff]." *Id.* at ¶ 13. As a result of Defendant's actions, Plaintiff brought this lawsuit, asserting a claim for breach of contract. *Id.* at ¶¶ 14–18.

## LEGAL STANDARDS

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context

---

[1] For the same reasons it can consider the Policy, the Court may also consider documents attached to and referenced in the Complaint, such as the February 5, 2018 letter, without converting the Motion into a motion for summary judgment. *Waller*, 932 F.3d at 1282.

2

of a motion to dismiss, means that a plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require a plaintiff to establish a *prima facie* case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action;" "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining

3

whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.*

## ANALYSIS

**I.     Statute of Limitations**

Defendant moves to dismiss on the basis of Plaintiff's claim being time-barred. "Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Solomon v. HSBC Mortg. Corp.*, 395 F. App'x 494, 497 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). In other words, consideration of the statute of limitations defense on a motion to dismiss is appropriate "when the bare allegations of the complaint reveal that the action was not brought within the required statutory period . . . ." *Meyerstein v. City of Aspen*, 282 P.3d 456, 471 (Colo. App. 2011).

In this case, Colo. Rev. Stat. § 13-80-107.5 provides the applicable limitations period. That statute states, in relevant part, the following:

> (1) Except as described in section 13-80-102(2), but notwithstanding any other statutory provision to the contrary, all actions or arbitrations under sections 10-4-609 and 10-4-610, C.R.S., pertaining to insurance protection against uninsured or underinsured motorists shall be commenced within the following time limitations and not thereafter:
>
> \*\*\*
>
> (b) An action or arbitration of an "underinsured motorist" insurance claim, as defined in section 10-4-609(4), C.R.S., shall be commenced or demanded by arbitration demand within three years after the cause of action accrues; except that, if the underlying bodily injury liability claim against the underinsured motorist is

4

> preserved by commencing an action against the underinsured motorist or by payment of either the liability claim settlement or judgment within the time limit specified in sections 13-80-101(1)(n) and 13-80-102(1)(d), **then an action or arbitration of an underinsured motorist claim shall be timely if such action is commenced or such arbitration is demanded within two years after the insured received payment of the settlement or judgment on the underlying bodily injury liability claim.** In no event shall the insured have less than three years after the cause of action accrues within which to commence such action or demand arbitration.

Colo. Rev. Stat. § 13-80-107.5(1)(b) (emphasis added). The Policy contains a section that mirrors this statutory provision. Ex. A at 29.

Here, Plaintiff's accident occurred in 2016. Plaintiff received full payment from the tortfeasor's insurer, Progressive, on February 21, 2018. Thus, pursuant to the plain language of Section 13-80-107.5(1)(b) and the Policy, Plaintiff's underinsured motorist claim ran until two years after he received payment (or February 21, 2020). Plaintiff initiated this lawsuit on February 21, 2022, two years after the statute of limitations had expired. Using only these dates found in the Complaint, Plaintiff's claim appears to be untimely.

Plaintiff rebuts this conclusion in two ways. First, Plaintiff argues that his claim is not untimely because his February 5, 2018 letter to Defendant made a demand for arbitration. ECF 14 at 4. Second, Plaintiff contends that even if his claim is found to be untimely, this Court should apply equitable tolling "because dismissal of his claim upon a rigid application of the statute of limitations in this case would lead to an unjust result." *Id.* The Court will address each argument in turn.

### A.    Untimeliness

Plaintiff contends that his February 5, 2018 letter contains a demand for arbitration which tolled the statute of limitations. ECF 14 at 6. Defendant disputes whether that letter constitutes an arbitration demand. ECF 15 at 2–3. Even assuming that it is an arbitration demand, Defendant

5

argues that the statute of limitations is not tolled under the holding of *Cork v. Sentry Ins. Co.*, 194 P.3d 422, 425 (Colo. App. 2008). Plaintiff attempts to distinguish that case.

In *Cork*, the plaintiff suffered injuries as the result of a car accident in which she was a passenger in a vehicle. *Id.* at 424. The vehicle was insured under a policy issued by the defendant which contained an underinsured motorist ("UIM") benefits provision. *Id.* The plaintiff settled her claim against the other driver in August 2003. *Id.* In April 2005, the plaintiff's attorney made a written demand for $25,000 in UIM benefits. *Id.* In May 2005, the insurer rejected that demand but offered to pay $15,000 for "full and final settlement" of the UIM claim. *Id.* On June 2, 2005, the plaintiff issued a demand for arbitration, but the insurer responded by indicating that arbitration is "voluntary, not mandatory," under the policy. *Id.* Instead of pursuing the issue of arbitration any further, the plaintiff filed suit in state court. *Id.* The defendant moved for summary judgment on each of the plaintiff's claims, arguing they were barred by the statute of limitations. *Id.* The trial court agreed and dismissed the plaintiff's claims. *Id.*

On appeal, the plaintiff argued that her claims were not untimely because she had made a timely demand for arbitration. *Id.* at 425. Analyzing Section 18-80-107.5, the Colorado Court of Appeals rejected that argument, concluding "that a demand satisfying the statute can be made only under a preexisting *mandatory* arbitration agreement." *Id.* (emphasis added). The court reasoned that "'[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any disputed which he has not agreed so to submit.'" *Id.* at 426 (quoting *Eychner v. Van Vleet*, 870 P.2d 486, 490 (Colo. App. 1993)). Because the arbitration provision in the policy did not make a unilateral request for arbitration binding on the parties, the court did not find that the request to arbitrate tolled the statute of limitations. The opposite conclusion, the court noted, "would leave the underling UIM benefits claim in limbo until either [the plaintiff] abandoned arbitration and

6

brought a civil action, as she eventually did, or [the insurer] obtained a determination under section 13-22-207(2) that the dispute was not arbitrable." *Id.*

Despite Plaintiff's protestations to the contrary, the Court finds the holding of *Cork* applicable to this lawsuit. Similar to *Cork*, the Policy in this case does not make arbitration mandatory. Ex. A at 30 ("Both parties must agree to arbitration."). Although Plaintiff may have requested arbitration, Defendant was under no contractual obligation to arbitrate. Consequently, if the Court were to find that Plaintiff's request to arbitrate satisfied Section 13-80-107.5, it would lead to the "absurd result" feared in *Cork*; that is, the statute of limitations would be, in effect, indefinitely tolled until Plaintiff abandoned arbitration and brought a civil action. *Cork*, 194 P.3d at 426. Such an interpretation is untenable because it "would effectively eliminate the statute of limitations and frustrate its purpose." *Brown v. Am. Family Ins. Grp.*, 989 P.2d 196, 198 (Colo. App. 1999). Following *Cork*'s perspicuous holding that "a demand satisfying the statute can be made only under a preexisting mandatory arbitration agreement," 194 P.3d at 426, the Court finds that Plaintiff's request for arbitration does not satisfy the statute.

B.   **Equitable Tolling**

In the event the Court disagreed with him on the issue of the arbitration demand, Plaintiff asserts that the limitations period should be equitably tolled. ECF 14 at 7. The purpose of a statute of limitation is to "promote justice, discourage unnecessary delay, and forestall prosecution of stale claims." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996). "[U]nder certain circumstances, 'equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice.'" *Shell Western E&P, Inc. v. Dolores Cnty. Bd. of Comm'rs*, 948 P.2d 1002, 1007 (Colo. 1997) (quoting *Dean Witter*, 911 P.2d at 1096). "[E]quitable tolling of a statute of limitations[ ] 'is limited to situations in which either the defendant has

7

wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts.'" *Cork*, 194 P.3d at 427 (quoting *Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 149 (Colo. 2007)). The doctrine of equitable tolling is not favored. *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 858 (Colo. App. 2007).

On this issue, *Cork* is less helpful. In that case, the Colorado Court of Appeals assumed an equitable stay of the limitations period based on the insurer's conduct. 194 P.3d at 427. Even with that assumption, the court found the claim untimely because the plaintiff's ultimatum to the insurer to either "confirm arbitration or face suit" ended the equitable stay. *Id.* In this case, Plaintiff did not impose a deadline for his request to arbitrate; indeed, the request itself was vague in exactly what it sought. ECF 1-3 ("Please treat this coverage demand also as a demand for arbitration, mediation or any other adjudicatory relief available . . . ."). Nor will this Court assume that the limitations period was stayed as the court in *Cork* did.

Instead, the Court will focus, as it must, on the question of whether Defendant's actions prevented Plaintiff from filing a timely claim. As one court has described it, an insurer prevents an insured from filing a claim when "the insurance company entrap[s] the insured by lulling him into a false sense of security that his claim would be resolved to his satisfaction." *Olson*, 174 P.3d at 859. In other words, courts must look for conduct akin to "'stringing along' the insured . . . ." *Id*. Good faith discussions about resolving the claim do not rise to that level. *Dove v. Delgado*, 808 P.2d 1270, 1275 (Colo. 1991) (finding "reliance on settlement discussion with [the] insurer to be an unreasonable justification for failing to file within the requisite period of time"); *see also Brown*, 989 P.2d at 198 ("Further, if we were to hold that the statute is triggered only when the carrier

8

refuses payment, such would allow the claimant to present his demand at any time after the settlement.").

Here, the Complaint provides little support for the notion that Defendant mislead Plaintiff such that it prevented him from filing a timely claim. Defendant opened its claim on February 13, 2018. Plaintiff chastises Defendant for adjusting his claim "[a]s late as November 3, 2020," but the first instance in which Plaintiff supplied Defendant with medical documentation was October 24, 2020. ECF 1 at ¶¶ 10, 12. While Defendant did not issue a final coverage determination until November 12, 2021, the only suggestion in the Complaint that Defendant might have been stringing Plaintiff along is that Defendant "continued to request medical documentation." *Id.* at ¶ 11. But, of course, an insurer has a duty to reasonably investigate claims. *E.g., Toy v. Am. Family Mut. Ins. Co.*, No. 12-cv-01683-PAB-MJW, 2014 WL 485952, at *1–2 (D. Colo. Feb. 6, 2014). Defendant can hardly be faulted for requesting information to evaluate Plaintiff's claim, absent some allegation or evidence of a malingering investigation for purposes of evading the statute of limitations period.

Moreover, taking the allegations in the Complaint as true, Plaintiff shares responsibility in any delay in adjusting his claim. As the Court mentioned above, Plaintiff did not submit medical documentation to Defendant until October 24, 2020, nearly eight months after the statute of limitations expired on February 21, 2020. "[E]quitable tolling requires the plaintiff to make a good faith effort to pursue any claims." *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000). The Complaint is silent as to any effort by Plaintiff to pursue or assist in his claim with Defendant prior to the statute of limitations running. Although Plaintiff has not argued so, the Court notes that ignorance of the relevant statute of limitations does not support the application of equitable tolling. *Nehls v. Farmers All. Mut. Ins. Co.*, No. 05-cv-02168-WDM-BNB, 2006 WL 2844406, at *2 (D.

9

Colo. Sep. 29, 2006) ("Applying equitable tolling in this case would clash with the basic principle that individuals are presumed to know the law."). Because Plaintiff "failed to make a good faith effort to bring [his] claim[ ] in a timely manner," the Court concludes that "the doctrine of equitable tolling is not applicable to this action." *Noel*, 12 P.3d at 331.

## II.     No Leave to Amend

"In dismissing a complaint for failure to state a claim, the court should grant leave to amend freely 'if it appears at all possible that the plaintiff can correct the defect.'" *Triplett v. LeFlore Cty., Oklahoma*, 712 F.2d 444, 446 (10th Cir. 1983) (quoting 3 Moore's Federal Practice, ₽ 15.10 & n. 2 (1983)). However, "[a]t least outside of the pro se context, when a litigant fails to put the district court on adequate notice—in a legally cognizable manner—of his request for leave to amend, then the district court will not be faulted for failing to grant leave to amend." *Doe v. Heil*, 533 F. App'x 831, 847 (10th Cir. 2013). Pursuant to Fed. R. Civ. P. 15(a), "[t]he grant or denial of an opportunity to amend is within the discretion of the Court." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018). In this case, Plaintiff is represented by competent counsel, and Plaintiff has not filed a motion to amend. If the Court were to grant leave now, it would be acting sua sponte. The Court will not do so. *Heil*, 533 F. App'x at 847 ("[W]e will not upset the district court's dismissal with prejudice on the grounds that it failed sua sponte to give [the plaintiff]—who was represented by counsel—an opportunity to file an amended complaint."); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1318 (11th Cir. 1999) ("Although leave to amend should be liberally granted, a trial court is not required to sua sponte grant leave to amend prior to making its decision [to dismiss]."). Furthermore, based on the dates provided in the Complaint, any amendment would likely prove futile. *Alexander v. Foegen*, No. 10-cv-01993-LTB-MEH, 2011 WL 1655548, at *4 (D. Colo. Mar. 21, 2011) (noting "[a]mendment would be futile when a claim is barred by the

statute of limitations"), *recommendation adopted*, 2011 WL 1541282 (D. Colo. Apr. 25, 2011). Accordingly, Plaintiff's claim will be dismissed with prejudice.

## CONCLUSION

For the reasons stated herein, Defendant's Motion [filed March 30, 2022; ECF 12] is **granted**. Plaintiff's claim is dismissed with prejudice. The Clerk of the Court is directed to close this case.

Entered this 19th day of May, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

11